**Jesse Joe PATRICK, Petitioner,**

v.

**Gary JOHNSON, Director Texas Department of Criminal Justice, Institutional Division, Respondent.**

No. 3–98–CV–2291–P.

United States District Court,
N.D. Texas,
Dallas Division.

March 8, 1999.

Keith S. Hampton, Law Office of Keith S. Hampton, Austin, TX, for Petitioner.

Christina Thompson, Atty. Gen. of Tex., Austin, TX, for Respondent.

## *ORDER*

KAPLAN, United States Magistrate Judge.

Petitioner Jesse Joe Patrick has filed a motion for leave to proceed *ex parte, in camera,* and on a sealed record with regard to his application for investigative and expert assistance. The motion has been referred to United States Magistrate Judge Jeff Kaplan for determination pursuant to 28 U.S.C. § 636(b).

### I.

Petitioner was convicted of capital murder and sentenced to death. His conviction and sentence were affirmed on direct appeal. *Patrick v. State,* 906 S.W.2d 481 (Tex.Crim.App.1995), *cert. denied,* 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). Petitioner also filed an application for writ of habeas corpus in state court. The Texas Court of Criminal Appeals denied relief in an unpublished opinion. *Ex parte Patrick,* No. 71,105 (Tex.Crim.App. April 22, 1998). Petitioner then filed this action in federal court. Respondent has not yet filed an answer.[1]

### II.

The issue before the Court is whether petitioner is entitled to proceed *ex parte,*

---

**1.** Respondent recently sought and obtained an extension of time to file an answer until May 1, 1999. Petitioner has been ordered to amend his skeletal habeas petition by April 1, 1999. *See* ORDER, 3/5/99.

*in camera,* and on a sealed record with regard to his application for investigative and expert assistance under 21 U.S.C. § 848(q)(9). This statute was recently amended by the Antiterrorism and Effective Death Penalty Act of 1996. It currently provides:

Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under paragraph (10). No *ex parte* proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

21 U.S.C. § 848(q)(9).

Petitioner contends that this statute requires only a *general* showing of the need for confidentiality. Thereafter, he would be allowed to proceed with all requests for investigative and expert assistance *ex parte.* Petitioner states that he meets this requirement because: (1) the state habeas proceeding was "woefully inadequate;" and (2) demonstration of the need for outside services would reveal the contents of privileged conversations and attorney work product. (Motion at 11). Respondent argues that petitioner must make a *specific* showing of the need for confidentiality in order to meet the statutory threshold.

Section 848(q)(9) clearly requires "a proper showing ... concerning the need for confidentiality" before the Court may consider any *ex parte* communication or request. No published case addresses what constitutes a "proper showing."

However, this issue was recently examined in *Dowthitt v. Johnson,* No. H–98–3282 (S.D.Tex. December 2, 1998).[2] The district judge in *Dowthitt* required a petitioner seeking expense authorization to:

file and serve a brief motion seeking generally authorization for investigative or expert expenses, [including] a short case-specific statement of the need for confidentiality. The statement of need for confidentiality merely must identify generically the type of services needed and the broad issue or topic (*e.g.* innocence) for which the services are necessary. Simultaneously, the petitioner must file *ex parte* and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of fees or expenses likely to be incurred. The petitioner must provide factual support for the funding request. The motion, but not the application with supporting materials, must be served on the respondent.

*Id.* at 4; *see also Mitcham v. Calderon,* No. C–94–2854 (N.D.Cal. December 20, 1996).

The Court agrees that this "is a sensible and equitable method to implement section 848(q)(9)." *Dowthitt,* No. H–98–3283, op. at 4. Here, petitioner asserts only a generic need for confidentiality which arises in virtually all capital cases. He provides no case-specific statement of the types of outside services needed. Nor does he identify the issues necessitating the services. Finally, his motion is not accompanied by a detailed application filed *ex parte* and under seal.

The Court concludes that petitioner has failed to make a threshold showing concerning the need for confidentiality. Accordingly, his motion is denied.

SO ORDERED.

---

**2.** Both parties cite to *Dowthitt* in support of their arguments. (Response at 3–4; Reply at 3–4).