Robert Alan **SHIELDS**

v.

Gary **JOHNSON**, Director, Institutional Division, Texas Department of Criminal Justice.

Civil Action No. G–99–01.

United States District Court, S.D. Texas, Galveston Division.

May 7, 1999.

Helen J Beardsley, Austin, TX, Allen Richard Ellis, Mill Valley, CA, for petitioner.

Kristen Bates, Assistant Attorney General, Austin, TX, for respondent.

***ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO PROCEED EX PARTE, IN CAMERA, AND ON A SEALED RECORD WITH REGARD TO APPLICATIONS FOR INVESTIGATIVE AND EXPERT ASSISTANCE***

KENT, District Judge.

Petitioner Robert Alan Shields has filed a Motion for Leave to Proceed Ex Parte,

In Camera, and on a Sealed Record with regard to applications for investigative and expert assistance under 21 U.S.C. § 848(q)(9). For the reasons set forth below, Petitioner's Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL SUMMARY

Petitioner was convicted of capital murder and sentenced to death in the 122nd State District Court of Galveston County, Texas. His conviction and sentence were affirmed on direct appeal to the Court of Criminal Appeals without published opinion. Petitioner filed an application for writ of habeas corpus in state court. The Texas Court of Criminal Appeals denied relief on December 9, 1998, also in an unpublished opinion. Petitioner subsequently filed this action in federal court.

## II. ANALYSIS

At issue is Petitioner's request to proceed ex parte, in camera, and on a sealed record with regard to his application for investigative and expert assistance under 21 U.S.C. § 848(q)(9). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the statute provides:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court—may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under paragraph (10). *No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality.* Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

21 U.S.C. § 848(q)(9) (emphasis added).

Petitioner makes several extensive and well-articulated arguments why the application for such assistance can be made ex parte. First, Petitioner argues that the language of 21 U.S.C. § 848(q)(9), even as amended by the AEDPA, still allows for ex parte application. Petitioner bolsters this argument by extensive reference to the legislative history of the AEDPA. Second, Petitioner cites long-standing principles of federal law for the proposition that application can be made ex parte. Finally, Petitioner argues that since the amendment to § 848(q)(9), courts have consistently allowed such applications to be made ex parte.

Of course, Petitioner recognizes that the statute requires a threshold showing of the need for confidentiality before the Court can allow him to proceed ex parte. Petitioner argues, however, that he cannot demonstrate the need for confidentiality in an adversarial setting without revealing the very information which he believes should be protected. Petitioner argues that the attorney-client privilege and the work product doctrine would be compromised if he is required to make this threshold showing in open court.

The Court sympathizes with Petitioner's concerns. Nonetheless, it is clear that Petitioner has failed to demonstrate any specific need to proceed confidentially, instead electing to assert the generic need for confidentiality that arises in most capital cases. *See Patrick v. Johnson*, No. 3–98–CV–2291–P, 1999 WL 129278, at *1 (N.D.Tex. March 8, 1999). Such a showing is insufficient. Section 848(q)(9) unequivocally requires "a proper showing ... concerning the need for confidentiality" *before* the Court may consider any ex parte communication or request. *See id.*

■ The Court recognizes the need for a procedure by which Petitioner may satisfy the threshold requirement imposed by the statute. Two other Courts in this Circuit have articulated a rule governing the application for investigative or expert assistance where there is an asserted need

for confidentiality. *See id.* (*citing Dowthitt v. Johnson,* No. H–98–3282 (S.D.Tex. December 2, 1998)). The procedure they have adopted is relatively straightforward. First, Petitioner must file and serve a concise motion seeking authorization for investigative or expert assistance that includes a short, case-specific statement of the need for confidentiality. This statement of the need for confidentiality must generically identify the type of services needed and the broad issue or topic (for example, innocence) for which the services are needed. Second, Petitioner must simultaneously file ex parte and under seal his detailed application for authorization for the investigator or expert. In this application, Petitioner must estimate the amount of fees or expenses likely to be incurred and provide factual support for the funding request. The motion—but not the application with supporting. materials—must be served upon Respondent. *See id.* at *2 (*quoting Dowthitt,* No. H–98–3283, op. at 4).

■ This Court agrees that the approach adopted by its colleagues in the Southern and Northern Districts of Texas " 'is a sensible and equitable method to implement section 848(q)(9).' " *See id.* (*quoting Dowthitt,* No. H–98–3283, op. at 4). In this case, Petitioner has failed to identify the type of assistance he needs or the issues that require expert or investigative assistance. Because Petitioner has failed to meet this threshold, his Motion is **DENIED.**

Although Petitioner has failed at this juncture to make a proper threshold showing of his need for confidentiality, the Court will permit him to file a new Motion, bearing in mind the threshold requirements of § 848(q)(9) adopted by this Court today.

### III. CONCLUSION

For the reasons set forth above, Petitioner's Motion for Leave to Proceed Ex Parte, In Camera, and on a Sealed Record with regard to applications for investigative and expert assistance is **DENIED.** When it becomes apparent in the course of this habeas corpus proceeding that Petitioner requires investigative or expert assistance, he may file a new Motion that complies with the procedure adopted by this Court, which the Court will consider at that time.

**IT IS SO ORDERED.**