**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MALISSA ANN CRAWLEY,
            *Petitioner-Appellant,*

v.

WILLIAM D. CATOE, Director-
Designate, Department of
Corrections, State of South
Carolina; ATTORNEY GENERAL OF THE
STATE OF SOUTH CAROLINA,
            *Respondents-Appellees.*

AMERICAN PUBLIC HEALTH
ASSOCIATION; SOUTH CAROLINA
MEDICAL ASSOCIATION; AMERICAN
COLLEGE OF OBSTETRICIANS AND
GYNECOLOGISTS; AMERICAN NURSES
ASSOCIATION; ALLIANCE FOR SOUTH
CAROLINA'S CHILDREN; NATIONAL
ASSOCIATION OF ALCOHOLISM AND
DRUG ABUSE COUNSELORS; SOUTH
CAROLINA ASSOCIATION OF
ALCOHOLISM AND DRUG ABUSE
COUNSELORS; SOUTH CAROLINA
NURSES ASSOCIATION; AMERICAN
MEDICAL WOMEN'S ASSOCIATION;
NATIONAL ASSOCIATION OF SOCIAL
WORKERS, INCORPORATED; SOCIETY OF
GENERAL INTERNAL MEDICINE;
AMERICAN ACADEMY ON
PHYSICIAN AND PATIENT; THE
CONSORTIUM FOR SUBSTANCE ABUSING
WOMEN AND THEIR CHILDREN;

No. 00-6594

ASSOCIATION FOR MEDICAL
EDUCATION AND RESEARCH IN
SUBSTANCE ABUSE; ASSOCIATION OF
REPRODUCTIVE HEALTH
PROFESSIONALS; NATIONAL FAMILY
PRESERVATION NETWORK; NATIONAL
CENTER FOR YOUTH LAW; LEGAL
SERVICES FOR PRISONERS WITH
CHILDREN; INSTITUTE FOR HEALTH AND
RECOVERY; NOW LEGAL DEFENSE AND
EDUCATION FUND; 52 PERCENT; LEGAL
ACTION CENTER,
                              *Amici Curiae.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
G. Ross Anderson, Jr., District Judge.
(CA-99-527-4-13BF)

Argued: December 7, 2000

Decided: July 16, 2001

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Judge King and Senior Judge Hamilton concurred.

## COUNSEL

**ARGUED:** Susan Frietsche, WOMEN'S LAW PROJECT, Philadel-
phia, Pennsylvania, for Appellant. Tracey Colton Green, OFFICE OF
THE ATTORNEY GENERAL, Columbia, South Carolina, for Appel-

lees. **ON BRIEF:** David S. Cohen, Lynn M. Paltrow, WOMEN'S LAW PROJECT, Philadelphia, Pennsylvania; Seth Kreimer, Philadelphia, Pennsylvania; C. Rauch Wise, Greenwood, South Carolina; David Rudovsky, KAIRYS, RUDOVSKY, EPSTEIN, MESSING & RAU, Philadelphia, Pennsylvania, for Appellant. Charles M. Condon, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Donald J. Zelenka, Assistant Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL, Columbia, South Carolina, for Appellees. Daniel N. Abrahamson, San Francisco, California, for Amici Curiae.

---

**OPINION**

WIDENER, Circuit Judge:

Malissa Ann Crawley appeals from a decision of the United States District Court for the District of South Carolina denying her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Crawley's petition challenges her conviction on due process grounds, alleging that she had no notice that the statute under which she was convicted applied to her conduct and that the statute as interpreted is unconstitutionally vague. The district court dismissed Crawley's petition as untimely under the one-year limitations period of 28 U.S.C. § 2244(d) and also rejected the merits of her petition. Crawley argues that the district court misinterpreted the tolling provision of 28 U.S.C. § 2244(d)(2) by failing to toll the statute of limitations for the period during which her petition was pending in the United States Supreme Court for writ of certiorari to review the South Carolina Supreme Court's denial of her state habeas corpus application. Because we agree with the district court that 28 U.S.C. § 2244(d)(2) did not toll the one-year limitations period while Crawley's petition for writ of certiorari was pending, we affirm without considering the merits of Crawley's petition for habeas corpus.

I.

The operative facts in this matter are not disputed. On November 9, 1991, Malissa Ann Crawley gave birth to her son at Anderson Hos-

pital in South Carolina. That same month, Crawley was charged with "unlawful neglect of a child" pursuant to S.C. Code § 20-7-50, 20-7-490 (1985), on the grounds that she allegedly took cocaine or crack cocaine while she was pregnant, endangering her fetus. Crawley waived grand jury presentment and pleaded guilty as charged. On January 6, 1992, Crawley was sentenced to five years in prison which was suspended, resulting in five years of probation. Crawley did not appeal her conviction or her sentence.

On July 15, 1994, Crawley was charged with criminal domestic violence. She pleaded guilty to the charge. As a result, on August 5, 1994, a South Carolina judge revoked her probation and ordered her to begin serving her five-year sentence. Crawley did not appeal the revocation of her probation.

Crawley filed her first and only state application for habeas corpus relief on September 25, 1994, asserting that, because child endangerment does not extend to a fetus, the act to which she pleaded guilty, under S.C. Code § 20-7-50, 20-7-490 (1985), "[was] not a crime in South Carolina" and that she was in custody in violation of the South Carolina constitution and the Due Process Clause of the Fourteenth Amendment. A South Carolina trial court granted Crawley's application on October 17, 1994. The South Carolina Supreme Court held the state's appeal of this decision in abeyance until it resolved the appeal of another case raising the same issues as Crawley's application. The South Carolina Supreme Court decided in that case, *Whitner v. State*, 492 S.E.2d 777 (S.C. 1997), that a viable fetus is a "child" within the meaning of the child abuse and endangerment statute.

Citing its decision in the *Whitner* case, the South Carolina Supreme Court reversed the trial court's decision to grant Crawley's application for state habeas relief and reinstated Crawley's conviction and sentence on December 1, 1997. *Crawley v. Evatt*, No. 97-MO-117 (S.C. Dec. 1, 1997). The South Carolina Supreme Court denied Crawley's motion for rehearing on January 8, 1998. On March 2, 1998, after both the South Carolina Supreme Court and the United States Supreme Court denied her request for bail pending her petition for a writ of certiorari, Crawley was reincarcerated.

Crawley's petition for certiorari to review the adverse habeas decision of the South Carolina Supreme Court, consolidated with Whit-

ner's, was timely filed in the United States Supreme Court on March 19, 1998. In a memorandum order of May 26, 1998, the United States Supreme Court denied Crawley's petition for certiorari. *Whitner v. South Carolina* and *Crawley v. South Carolina*, 523 U.S. 1145 (1998).

Crawley filed her first and only petition for a writ of habeas corpus in federal court on February 26, 1999, again challenging her conviction on the grounds that South Carolina's interpretation of the child endangerment statute, extending the statute to include endangerment of a fetus, violated due process because she had no notice that the statute extended to her conduct and that the statute, as interpreted, was unconstitutionally vague. The district court dismissed Crawley's petition as untimely on March 27, 2000. In addition, the district court entered summary judgment against Crawley on the merits of her notice and vagueness claims. Crawley timely filed her notice of appeal with the U.S. District Court for the District of South Carolina on April 24, 2000, together with a motion for a certificate of appealability which this court granted on May 16, 2000.

## II.

The construction of the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), is a question of law that this Court reviews de novo. See *Taylor v. Lee*, 186 F.3d 557, 559 (4th Cir. 1999), *cert. denied*, 120 S. Ct. 1262 (2000).

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a new, one-year statute of limitations on petitions brought by state prisoners for a federal writ of habeas corpus.[1] See 28 U.S.C.

---

[1]The relevant section of AEDPA codified at 28 U.S.C. § 2244(d) provides, in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

§ 2244(d). In Crawley's case, this limitations period ran from the date on which the criminal judgment against her "became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Crawley's January 6, 1992, conviction for "unlawful neglect of a child," from which she did not appeal, became final long before the April 24, 1996, effective date of the AEDPA. We have decided that, in the case of a habeas challenge to a state conviction that became final prior to the enactment of the AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition. See *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Thus, Crawley's one-year limitations period ran from April 24, 1996.

AEDPA also provides, however, that this one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Crawley's application for state post-conviction relief was continuously pending before the South Carolina courts from before the April 24, 1996, effective date of the AEDPA until January 8, 1998, when the South Carolina Supreme Court denied her request for rehearing. The parties are in agreement that the one-year limitations period was tolled during this time period.

The district court held that this tolling period ended on January 8, 1998, and dismissed Crawley's February 26, 1999, petition for a federal writ of habeas corpus as untimely. Crawley argues, however, that her petition for certiorari to the United States Supreme Court seeking review of the South Carolina Supreme Court's decision to reject her application for state habeas corpus relief was "a properly filed application for other collateral review" which was "pending" and which tolled the limitations period. If we accept Crawley's argument, the

---

\* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

one-year limitations period was tolled at least during the period from March 19 until May 26, 1998, when the Supreme Court denied certiorari, and her petition was timely.

While this appeal poses a question of first impression in this Circuit, several other circuits have considered and rejected similar arguments. In *Rhine v. Boone*, 182 F.3d 1153 (10th Cir. 1999), the Tenth Circuit concluded, on these same facts, that the one-year limitations period was not tolled during the period that a petition for writ of certiorari to review denial of state habeas corpus relief was pending before the United States Supreme Court.

Other courts have considered a similar argument to that raised by Crawley on a slightly different factual basis. In those cases, a habeas corpus petitioner who never filed a petition for writ of certiorari to the United States Supreme Court to review his state habeas corpus application argued that the statue of limitations was tolled during the 90-day period in which such a petition timely could have been filed. The Seventh Circuit rejected a tolling argument in this context on the ground that, where no petition for writ of certiorari has been filed, there was neither a "properly filed" nor a "pending" application for other collateral review within the meaning of 28 U.S.C. § 2244(d)(2). *Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir. 2000); see also *Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539 (3d Cir. 2001) (citing *Gutierrez* as alternate ground for its holding, but also relying on reasoning more akin to *Rhine*).

Other circuits to consider similar fact situations have rejected tolling arguments on the same reasoning adopted by the Tenth Circuit in *Rhine v. Boone*, 182 F.3d 1153, that proceedings before the United States Supreme Court seeking review of a state habeas corpus application do not toll the one-year limitations period. See *Stokes*, *supra*; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000); *Snow v. Ault*, 238 F.3d 1033 (8th Cir. 2001); *Bunney v. Mitchell*, 241 F.3d 1151, 1156 (9th Cir. 2001); and *Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000). And the foregoing list of cases is not necessarily exclusive.

All of the courts of appeal considering the question have come to a like conclusion. Following the denial of relief in the state courts in

state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1). In our case, the petition for certiorari to review the adverse habeas decision of the South Carolina Supreme Court was properly filed on March 19, 1998 and was pending in the United States Supreme Court from then until it was denied on May 26, 1998. We now hold that the period from March 19, 1998 until May 26, 1998 does not toll the statute of limitations under § 2244(d)(2). We come to this conclusion for the following reasons.

In a case on only slightly different facts, the Supreme Court has recently construed the language of 28 U.S.C. § 2244(d)(2). In *Duncan v. Walker*, ___ U.S. ___, 2001 WL 672270 (U.S. June 18, 2001) (No. 00-121), the Court reversed a decision of the Second Circuit which held that a federal habeas petition, properly filed and pending in the district court, filed under 28 U.S.C. § 2254, tolled the period of the statute of limitations under 28 U.S.C. § 2244(d)(2) the same as would have a properly filed state habeas petition. See *Walker v. Artuz*, 208 F.3d 357 (2nd Cir. 2000), reversed by *Duncan v. Walker*, ___ U.S. ___, 2001 WL 672270 (U.S. June 18, 2001) (No. 00-121).[2] The Court read 28 U.S.C. § 2244(d)(2) so that "the word 'State' applies to the entire phrase 'post-conviction or other collateral review.'" *Duncan v. Walker*, ___ U.S. ___, 2001 WL 672270, slip op. at 4. Because federal habeas corpus proceedings are neither state post-conviction review nor other state collateral review, the Court held that they do not toll the one-year limitations period under 28 U.S.C. § 2244(d)(2).

This was the same construction of 28 U.S.C. § 2244(d)(2) reached by the Tenth Circuit in *Rhine v. Boone*. See *Rhine v. Boone*, 182 F.3d at 1156 ("We are satisfied that, in the wording of § 2244(d)(2), 'State' modifies the phrase 'post-conviction review' and the phrase 'other collateral review.'"). We are in agreement with the Tenth Circuit that "[a] petition for writ of certiorari to the United States Supreme Court is simply not an application for state review of any kind; it is neither

---

[2]The Tenth Circuit, in *Petrick v. Martin*, 236 F.3d 624 (10th Cir. 2001), followed *Walker* without overruling *Rhine*, which we note in passing.

an application for state post-conviction review nor an application for other state collateral review." *Rhine v. Boone*, 182 F.3d at 1156. We further agree with the reasoning of the Tenth Circuit that:

> the term "pending" in § 2244(d)(2) must be construed to encompass all of the time during which a state prisoner is attempting, *through proper use of state court procedures*, to exhaust *state court remedies* with regard to a particular post-conviction application.

*Rhine*, 182 F.3d at 1155 (italics in original) (internal quotations omitted).

The rule of exhaustion of state remedies is a long-standing federal procedural rule which has been codified at least since 1948 and presently is 28 U.S.C. § 2254(b)(1). So a prisoner seeking federal habeas relief from a state conviction may not file his request for the same until after he has exhausted his remedies in the state courts. The Supreme Court decided some years ago, in *Fay v. Noia*, 372 U.S. 391, 435-38 (1963), that such a prisoner was not required to seek review in the United States Supreme Court of a denial of habeas relief by the state courts as a part of the exhaustion of state remedies. It held this because a petition for certiorari to the United States Supreme Court was not a part of state exhaustion, the United States Supreme Court "is not the court of any State," *Fay*, 372 U.S. at 436. No reason is shown to treat a petition of certiorari in the United States Supreme Court differently here.

Under the same statute at issue here, the limitation of action begins to run when the conviction is final under § 2244(d)(1)(A) only when the availability of a direct appeal has been exhausted, which includes the denial of a certiorari petition to the United States Supreme Court or the expiration of time for seeking such review. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). The wording of § 2244(d)(2) differs from that of § 2244(d)(1)(A) in that the statute of limitations is tolled during a properly filed and pending application "for state post-conviction or other collateral review." The very difference of wording in the two code sections indicates that they do not mean the same and is an indication that § 2244(d)(2) refers only to the state proceedings rather

than to federal proceedings also. Certainly the wording of the statute is not a model of clarity. See Strunk and White, *The Elements of Style* § 20 (3d ed. 1979). Being unclear, it should be construed consistent with the statutory purpose of "curbing the abuse of the statutory writ of habeas corpus." H.R. Rep. 104-518, *reprinted in* 1996 U.S.C.C.A.N. 944. As noted, since *Fay v. Noia* unmistakably held that a petition for certiorari to the United States Supreme Court was not a part of the exhaustion of state remedies, no reason is seen to treat such a petition differently here.

We hold that the time the petition for certiorari, which sought review of the adverse decision in the state habeas proceeding, was pending in the United States Supreme Court did not toll the one-year limitations of § 2244(d)(1).[3]

The judgment of the district court dismissing the petition as out of time is accordingly

*AFFIRMED.*[4]

---

[3]Crawley's brief, p.16, claims that all of the period between January 8, 1998 and May 26, 1998 was tolled. We need not decide that question because if the time the petition was actually pending in the Supreme Court, March 19 until May 26, 1998, counted toward tolling, that would have been sufficient.

[4]The motion of Crawley, filed December 20, 2000, to strike the letter from Catoe, et al., is granted.