Alton COLEMAN, Petitioner,

v.

Cecil DAVIS, Respondent.

No. 3:99 CV 410.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 27, 2001.

Michael J. Benza, Cleveland, OH, Robert E. Indianapolis, IN, for Petitioner.

Thomas D. Perkins, Michael A. Hurst, Indianapolis, IN, for Respondent.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before this court on the motion to dismiss for failure to meet the statute of limitations filed by the Respondent on July 24, 2001, and responded to by the Petitioner on September 14, 2001. No reply has been filed. As the court has reviewed the briefs, it is now ready to rule.

On May 11, 1999, the Indiana Supreme Court denied rehearing on Coleman's petition for post-conviction relief. Coleman then filed his Notice of Intent to File a Habeas Petition in the United States District Court for the Northern District of Ohio on June 9, 1999, due to his incarceration in Ohio at that time for a capital crime committed in that state. On June 28, 1999, that court transferred this case to this court on motion by the Respondent. This court received the file on July 20, 1999, and on July 22, 1999, this court ordered Petitioner to file his petition by

October 22, 1999. On August 9, 1999, Coleman filed a petition for writ of certiorari with the United States Supreme Court, seeking review of the Indiana Supreme Court's denial of his post-conviction petition. On October 1, Coleman sought an extension of time to file his habeas petition. This court denied that motion and dismissed the petition without prejudice based on the pending petition for writ of certiorari on October 21, 1999. On February 8, 2000, this court reopened Coleman's case and ordered that the petition be filed on or before May 19, 2000. On April 24, 2000, the United States Supreme Court granted the petition for writ of certiorari, vacated the judgment of the Indiana Supreme Court, and remanded the post-conviction petition to the Indiana Supreme Court for review in light of *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). *See Coleman v. Indiana*, 529 U.S. 1085, 120 S.Ct. 1717, 146 L.Ed.2d 639 (2000). This court then stayed the proceedings in this case pending final resolution in the Indiana Supreme Court on April 28, 2000. On December 29, 2000, the Indiana Supreme Court again denied relief on Coleman's post-conviction petition. *See Coleman v. State*, 741 N.E.2d 697 (Ind.2000). Rehearing was denied by the Indiana Supreme Court on March 20, 2001. On January 4, 2001, this court set a deadline of April 13, 2001 as the filing date for Coleman's habeas petition, and Coleman filed his petition on that date. This court ordered the Respondent to show cause why the petition should not be granted no later than July 31, 2001, and on July 24, 2001, Respondent filed the pending motion.

Respondent argues that under the time limits in 28 U.S.C. § 2244(d), Coleman has filed his petition for habeas relief outside the statute of limitations, and thus this court should deny and dismiss the petition. Respondent specifically asserts that the 349 days between May 11, 1999, when the Indiana Supreme Court denied rehearing on its order of December 29, 1998, and April 24, 2000, when the United States Supreme Court granted certiorari, count as chargeable time under the statute. When added to the 23 days between the Indiana Supreme Court's denial of rehearing on remand on March 20, 2001, and the filing of the petition on April 12, 2001, Respondent asserts that 372 days of chargeable time have elapsed, and thus the petition is time-barred because it was filed more than one year, or 365 days, after the judgment became final.

28 U.S.C. § 2244(d) states as follows:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pend-

ing shall not be counted toward any period of limitation under this subsection.

Several courts have held that the time during which a petition for writ of certiorari is pending, but which is ultimately denied, does not toll the statute of limitations. *See Crawley v. Catoe,* 257 F.3d 395 (4th Cir.2001); *Rhine v. Boone,* 182 F.3d 1153 (10th Cir.1999). Additionally, the Seventh Circuit has held that the ninety-day period during which a petitioner could file a writ of certiorari does not toll the statute if the petitioner does not file the writ. *Gutierrez v. Schomig,* 233 F.3d 490 (7th Cir.2000). And the Supreme Court has recently held that a pending federal habeas petition will not toll the limitation period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). However, this court has not found any cases which address the tolling of the statute of limitations during the pendency of a petition for writ of certiorari when the writ is eventually granted. Thus, this is a question of first impression.

■ In this case, the United States Supreme Court granted certiorari, vacated the decision of the Indiana Supreme Court, and remanded the case to that court for further review. Vacate is defined as "[T]o nullify or cancel; make void; invalidate." BLACK'S LAW DICTIONARY 1546 (7th ed.1999). Thus the initial judgment of the Indiana Supreme Court was nullified, and as a result, Coleman's post-conviction petition was still "pending" until that court issued its judgment on December 29, 2000, and denied rehearing on March 20, 2001. Because the ultimate outcome of Coleman's petition for writ of certiorari was the invalidation of the Indiana Supreme Court's denial of his post-conviction petition, none of the time after the entry of that judgment can be charged under the statute because ultimately the case was still pending before that court. The grant of certio-

rari, and vacation of the Indiana court's order, retroactively tolled the statute. This is an appropriate outcome because it precludes simultaneous review of the same Indiana Supreme Court decision by both the United States Supreme Court and this court.

■ Even if retroactive tolling due to the grant of certiorari was not appropriate, this court is compelled to allow equitable tolling in this case because Mr. Coleman filed his petition within the deadline established by this court. In *United States v. Marcello,* 212 F.3d 1005 (7th Cir.2000), the Seventh Circuit explained that equitable tolling is only appropriate when "extraordinary circumstances far beyond the litigant's control must have prevented timely filing." 212 F.3d at 1010. This court established a deadline for the filing of Coleman's habeas petition, without reference to the statute of limitations period, and Coleman is entitled to rely upon this court's order for the timely filing of his petition. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)(citing *Carlile v. South Routt School District RE 3–J,* 652 F.2d 981 (10th Cir.1981)). Thus, even if the grant of certiorari by the Supreme Court of the United States did not toll the statute of limitations, the actions of this court have equitably tolled the statute in this case.

For the reasons stated above, the court now **DENIES** the motion to dismiss filed by Respondent on July 24, 2001. The court now **GRANTS** the motion for extension of time filed by Respondent on July 24, 2001, and **ORDERS** the Respondent to file his return to show cause no later than **January 14, 2002.**

**IT IS SO ORDERED.**