**Michael W. LENZ, Petitioner,**

v.

**William Page TRUE, Warden, Sussex I State Prison, Respondent.**

**No. 7:04CV00347.**

United States District Court,
W.D. Virginia,
Roanoke Division.

July 12, 2004.

Jennifer L. Givens, Virginia Capital Representation Resource Center, Charlottesville, VA, for Petitioner.

Paul C. Galanides, Assistant Attorney General, Richmond, VA, for Respondent.

## ORDER

JONES, Chief Judge.

Michael W. Lenz is a state prisoner under capital sentence who has given notice that he intends to file a petition for a writ of habeas corpus in this court. On June 30, 2004, this court stayed Lenz's execution, which was scheduled for the following day, pursuant to *McFarland v. Scott,* 512 U.S. 849, 859, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) (holding that a federal district court has jurisdiction to stay an execution prior to the filing of a formal habeas corpus petition). This court also appointed counsel for Lenz and allowed him to proceed in forma pauperis. Before me now are the state's request that the court require Lenz to file his habeas petition within thirty days, and Lenz's response to this request.

■ The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies a one-year period of limitations to habeas corpus petitions by state prisoners. 28 U.S.C.A. § 2244(d) (West Supp.2004). Lenz argues that he should have the remainder of this period, or until March 1, 2005, to actually file his petition in this court.[1] However, Lenz has already invoked the jurisdiction of this court and the court thus has the power and responsibility to administer this litigation. While it is true that Lenz's looming execution date required him to seek the court's protection before the one-year period had elapsed, it is often the case that practicalities prompt a claimant to file a legal action long before the statute of limitations might run. In these circumstances, Lenz is no different from other litigants. *See Dowthitt v. Johnson,* No. H–98–3282, 1998 WL 1986954, at *1 (S.D.Tex. Dec. 2, 1998) (holding that AEDPA's one-year period of limitations does not support a delay of filing of habeas petition by capital defendant).

■ Lenz's appointed counsel has alternatively requested additional time to file the petition because of her obligations to another client. Under the circumstances, I will set the deadline for the petition for August 30, 2004, sixty days after this court stayed Lenz's execution.

For the foregoing reasons, it is **ORDERED** that Lenz must file his petition for a writ of habeas corpus no later than August 30, 2004.

---

1. Lenz's judgment was actually final in 2001, when the Supreme Court denied certiorari to his direct appeal. *Lenz v. Commonwealth,* 261 Va. 451, 544 S.E.2d 299 (Va.2001), *cert. denied,* 534 U.S. 1003, 122 S.Ct. 481, 151 L.Ed.2d 395 (2001). However, the time during which his state post-conviction review was pending is excluded from the period of limitations. 28 U.S.C.A. § 2244(d)(2).