**Edward N. BELL, Petitioner,**

**v.**

**William Page TRUE, Warden, Sussex I State Prison, Respondent.**

**No. 7:04CV00752.**

United States District Court, W.D. Virginia, Roanoke Division.

Feb. 16, 2005.

Jonathan P. Sheldon, Arlington, Virginia, and James G. Connell, III, Devine & Connell, P.L.C., Fairfax, Virginia, for Petitioner.

Katherine P. Baldwin, Senior Assistant Attorney General of Virginia, Richmond, Virginia, for Respondent.

## OPINION AND ORDER

JONES, Chief Judge.

Edward N. Bell is a state prisoner under capital sentence for murder who has given notice that he intends to file a petition for a writ of habeas corpus in this court. His conviction and sentence were affirmed on direct appeal by the Virginia Supreme Court, *Bell v. Commonwealth,*

264 Va. 172, 563 S.E.2d 695 (2002), *cert. denied,* 537 U.S. 1123, 123 S.Ct. 860, 154 L.Ed.2d 805 (2003), and his state post-conviction efforts have been unsuccessful. On December 23, 2004, I stayed Bell's execution, which was scheduled for January 7, 2005, pursuant to *McFarland v. Scott,* 512 U.S. 849, 859, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) (holding that a federal district court has jurisdiction to stay an execution prior to the filing of a formal habeas corpus petition). I also appointed counsel for Bell and allowed him to proceed in forma pauperis. Before me now are the state's request that I require Bell to file his habeas petition within thirty days, and Bell's objection to this request. In addition, Bell has moved for leave to employ investigative and expert assistance, to which the state has objected. Finally, the state objects to Bell's efforts to provide information to the court ex parte with regard to the pending motions, and Bell seeks guidance as how to proceed in that regard in this litigation.

I

The state has requested that the court require Bell to file his petition within thirty days. Bell argues he is entitled to the entire time permitted by the one-year statute of limitations, which, according to Bell's calculations, will run on August 11, 2005. I have previously rejected this same argument, *see Lenz v. True,* 324 F.Supp.2d 796, 797 (W.D.Va.2004), and I will further elaborate on my reasoning in this opinion.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1218 (1996). The AEDPA amended several portions of 28 U.S.C.A. § 2254 (West 1994 & Supp.2004), the statute which sets forth the procedures governing federal courts' review of petitions for writs of habeas corpus. One such change involves the time limits placed on the filing of habeas petitions by state prisoners.

Prior to passage of the AEDPA, "no statute limited the time available for a prisoner to file a habeas petition." *Brown v. Angelone,* 150 F.3d 370, 371 (4th Cir. 1998). Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which allows a district court to dismiss a petition filed after a delay prejudicial to the state, provided the only time limit and "[a] prisoner could wait almost a decade to file his habeas petition without violating Rule 9(a)." *Id.* at 372 (citing *Lonchar v. Thomas,* 517 U.S. 314, 322–29, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)). The AEDPA imposed a one-year statute of limitations on the filing of habeas petitions by state prisoners. 28 U.S.C.A. § 2244(d)(1). The limit was intended "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases and 'to further the principles of comity, finality, and federalism.'" *Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (internal citations omitted).

The question before me is whether the AEDPA guarantees the petitioner a full year in which to file his petition, or whether it allows the court to order the petition filed before the statute of limitations has run. In other words, is the AEDPA's one-year time limit a procedural minimum or maximum? The statute itself does not answer this question. Section 2244(d)(1) states, "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.A. § 2244(d)(1). Given its ordinary meaning, a statute of limitations "'fixes the time *within which* parties must take judicial action to enforce rights or else be thereafter barred from enforcing them.'" Steven H. Gifis, *Law Dictionary* 485 (1996) (quoting *City of Atlanta v. Barrett,* 102 Ga.App. 469, 116 S.E.2d 654, 657 (1960) (emphasis added)). Parties may al-

ways file their claims before the expiration of the statute. Thus, according to its plain meaning, the AEDPA's limitations period sets the maximum amount of time a petitioner will be allowed for filing his petition. This reading is consistent with the Fourth Circuit's holding that, when the AEDPA limitations statute is unclear, "it should be construed consistent with the statutory purpose of 'curbing the abuse of the statutory writ of habeas corpus.'" *Crawley v. Catoe,* 257 F.3d 395, 400 (4th Cir.2001) (quoting H.R. Rep. 104–518, reprinted in 1996 U.S.C.C.A.N. 944). The AEDPA limitations period is the maximum, not the minimum or mandatory, amount of time a petitioner may wait before filing.

Viewing the AEDPA limitations period as an "outer limit," the next question is whether the court may order the petitioner to file before the expiration of the limitations period. Bell argues that several cases and 21 U.S.C.A. § 848(q)(4)(B) (West 1999) prevent the court from doing so. I disagree.

■ The cases Bell advances discuss how statutes of limitations should be applied to parties who have not yet invoked the power of the court.[1] None of those cases answer the exact issue presented in this case—whether the court may set its own filing date after the petitioner has already invoked the jurisdiction of the court. This court does not seek to abrogate the AEDPA's statute of limitations or second guess Congress' judgment by forcing the petitioner to make his first appearance before the statute requires. Rather, I intend to efficiently manage a case already within this court's jurisdiction. *See McFarland v. Scott,* 512 U.S. at 856–57, 114 S.Ct. 2568 (explaining that the filing of a motion for the appointment of counsel commences a federal habeas proceeding (citing 21 U.S.C.A. § 848(q)(4)(B))).

The statute Bell cites, 21 U.S.C.A. § 848(q)(4)(B), gives district courts the jurisdiction to stay executions and grants indigent capital defendants a right to counsel that attaches prior to the filing of a federal habeas corpus petition. *McFarland v. Scott,* 512 U.S. at 855, 858, 114 S.Ct. 2568. The statute does not address the court's authority to order a habeas petition filed before the expiration of the AEDPA's statute of limitations and after the commencement of the proceeding. The purposes of § 848(q)(4)(B) are fulfilled so long as the court gives counsel enough time to ensure a "meaningful[ ]" opportunity "to research and present a defendant's habeas claims." *Id.* at 858, 114 S.Ct. 2568.

---

1. Bell cites several Fourth Circuit cases holding that petitioners whose claims were pending at the time of the AEDPA's enactment must file their petitions within one year. (Pet'r Mem. Opp'n Resp. Mot. Appointment Counsel at 11–12 (citing *Crawley v. Catoe,* 257 F.3d at 398, and *Brown v. Angelone,* 150 F.3d at 370–76).) This case involves a defendant whose conviction became final when the United States Supreme Court denied his petition for certiorari from his direct appeal on January 13, 2003, nearly six years after passage of the AEDPA.

In addition, Bell cites two cases in which the Fourth Circuit found that ordering a petitioner to file before the statute of limitations had run was harmless error. (*Id.* (citing *Williams v. Taylor,* 189 F.3d 421, 431 (4th Cir.1999), *aff'd in part, rev'd in part,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir. 1999)).) However, in both *Williams* and *Royal,* the defendants' convictions became final prior to the April 24, 1996 enactment of the AEDPA. *See Williams v. Virginia,* 515 U.S. 1161, 1161, 115 S.Ct. 2616, 132 L.Ed.2d 858 (1995) (making conviction final on June 26, 1995); *Royal v. Virginia,* 516 U.S. 1097, 1097, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996) (making conviction final on January 22, 1996). These cases do not answer the question before this court, but merely affirm the Fourth Circuit's prior holding that petitioners whose claims were pending at the time of the AEDPA's enactment have one year in which to file their petitions.

I have appointed counsel for Bell under § 848 and will ensure counsel is given a meaningful opportunity to prepare.

Bell already has invoked the jurisdiction of this court, and the court thus has the power and responsibility to administer this litigation. While it is true that Bell's impending execution date required him to seek the court's protection before the one-year period had elapsed, it is often the case that practicalities prompt a claimant to file a legal action long before the statute of limitations might run. Bell is no different from other litigants in this way.

While I find that Bell is not entitled to delay the filing of his petition until the statute of limitations forces him to do so, I will exercise my discretion to allow a reasonable time for counsel to prepare the habeas petition, based on all of the circumstances. I find that ninety days ought to be sufficient time to prepare the petition in this case, keeping in mind the case as developed in state court, as well as counsel's experience generally and in this case.

## II

Bell has filed an application pursuant to 21 U.S.C.A § 848 (West 1999) for authorization to employ an investigator to "investigate guilt innocence issues" and for a "mitigation specialist to develop additional facts relating to the claim ... that Petitioner is mentally retarded." (Application for Authorization of Funds for Expert Assistance at 1.) In support of that application he has submitted certain ex parte material for the court's consideration. In addition, he has submitted an ex parte affidavit of counsel in opposition to the state's request that the court require Bell to file his habeas petition within thirty days. The state has objected to the ex parte submission of these materials.

A habeas petitioner who is financially unable to obtain adequate investigative or expert services reasonably necessary for his case may apply to the court for payment of such fees or expenses. 21 U.S.C.A §§ 848(q)(4)(B), (q)(9). However, "[n]o ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." 21 U.S.C.A. § 848(q)(9).

The statute only discusses the circumstances under which it is appropriate to present information ex parte to the court in the context of a motion or application for funding, but it does not preclude ex parte submissions in other circumstances. The proper practice in those circumstances is to receive permission from the court before submitting ex parte information.[2] The petitioner's response to the state's request for an order directing the filing of the petition does not contain sufficient grounds for an ex parte submission and accordingly I have not considered the ex parte affidavit in ruling on the state's request.

In addition, the application for funding of an investigator and mitigation expert does not contain sufficient grounds to allow ex parte material to be presented, and I will deny that application without prejudice to its resubmission. Any resubmission must contain the detailed purpose of the investigator and expert. If there are good reasons why some information must be kept confidential from the opposing party, those reasons must be fully explained before I will consider allowing

---

2. Other courts have allowed the simultaneous submission of the nonconfidential motion to file ex parte and the ex parte material itself, pending the court's ruling, see *Shields v. Johnson*, 48 F.Supp.2d 719, 721 (S.D.Tex.1999), but I believe that it better comports with the traditional notions of our adversarial process to allow the ex parte material only after the court has considered any opposition to its submission.

an ex parte filing. I might add that it is not apparent to me why the relevance of possible witnesses to be interviewed or other investigative leads should be kept confidential. If useful to the petitioner's case, the information must be disclosed at some point; and if not useful, no harm is done by its disclosure. While naturally the information may disclose counsel's legal theories or other work product, that alone is not justification for ex parte submission.

In summary, I will reconsider an application for investigative and expert assistance if the petitioner refiles such an application in a manner consistent with this opinion.[3]

### III

For the foregoing reasons, it is **OR-DERED** as follows:

1. The petitioner must file his petition for a writ of habeas corpus no later than ninety (90) days after the entry of this order;

2. The Application for Authorization of Funds for Expert Assistance is denied, without prejudice to its resubmission;

3. The clerk is directed to return to counsel for the petitioner the materials previously submitted ex parte; and

4. If any party wishes to submit ex parte material for the court's consideration, the party must first file a

nonconfidential motion requesting that the court permit the submission of such ex parte material and fully explaining the reasons why ex parte consideration is necessary. If the motion to submit ex parte material is opposed, the opposing party must file the grounds of its opposition within seven (7) days after service of the motion. If the motion is granted, the court will direct the submission of the ex parte materials.

---

**3.** Material allowed to be filed ex parte will of course be kept sealed, to prevent its disclosure outside of the court. There may also be material that a party desires to be sealed—in other words, not disclosed to the public—but which is disclosed to the other side and thus is not ex parte. In order to seal non-ex parte material, however, the party requesting sealing must first file a nonconfidential motion, explaining generally why public disclosure should not be permitted. In that case, the material sought to be sealed *should be* simul-

taneously submitted to the court, so that it can be considered along with the motion. The clerk will keep the material temporarily sealed, pending a ruling on the motion to seal. If the court rules against sealing, the material will be returned to the party submitting it. This procedure is necessary to properly consider the right to public access to court documents established under common law and the First Amendment. *See, e.g., Va. Dep't of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir.2004)